**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CISCO SYSTEMS, INC. and CISCO TECHNOLOGY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> INTELLIGENT PROTECTION MANAGEMENT CORP., <br><br> Defendant | C.A. No. _____ <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Cisco Systems, Inc. ("Cisco Systems") and Cisco Technology, Inc. ("Cisco Technology") (collectively, "Cisco") hereby assert the following claims for infringement of U.S. Patent Nos. 8,830,293 (the "'293 Patent") and 8,941,708 (the "'708 Patent") (collectively the "Asserted Patents") against Defendant Intelligent Protection Management Corp. ("IPM"), formerly known as Paltalk, Inc. ("Paltalk") and allege as follows:

**THE PARTIES**

1. Cisco System's principal place of business is located at 170 W. Tasman Dr., San Jose, CA 95134 and its headquarters are located at 300 E. Tasman Dr., Building 10, San Jose, CA 95134.

2. Cisco Technology's principal place of business is located at 170 W. Tasman Dr., San Jose, CA 95134.

3. IPM is a corporation organized and existing under the laws of Delaware, with its principal place of business at 30 Jericho Executive Plaza Suite 400E, Jericho, New York 11753.

## BACKGROUND OF THE PARTIES

4. Cisco has been a leader in the networking industry for the last forty years. It makes communications products and services used all over the world and boasts a global portfolio of 20,000 patents. This includes its award-winning WebEx suite facilitating personal and professional audio and video conferences.

5. Cisco's accolades expand beyond its patents and technology. It employs tens of thousands of people throughout the United States and is consistently awarded for its workplace and involvement in local communities. For example, in 2022, Cisco was voted the best place to work in the United States by Fortune Magazine.[1]

6. On information and belief, IPM is a Delaware corporation formed out of a merger and acquisition of Newtek Technology Solutions, Inc. ("NTS") by Paltalk in January 2025. *See, e.g.*, Ex. 6 (https://investors.ipm.com/news/paltalk-inc-completes-acquisition-of-newtek-technology-solutions-inc). On information and belief, following the acquisition of NTS, Paltalk began operating under the IPM name. *Id.*

7. Paltalk was a corporation founded in the late 1990s that offered products and services related to chat rooms and videoconferencing. Paltalk had accumulated its offerings over the years largely by acquiring assets and companies, such as HearMe, Inc. (a now-defunct videoconferencing and Internet communications company), Camfrog (a videochat service), Tinychat (an online chat website), Vumber.com (a secure virtual phone number service), and ManyCam ("ManyCam" or the "Accused Products and Services") (discussed below).

---

[1] *See* Ex. 5 (https://www.prnewswire.com/news-releases/cisco-tops-fortunes-25th-annual-100-best-companies-to-work-for-list-in-2022-301522364.html).

8. On information and belief, upon formation of IPM, Paltalk sold its Paltalk, Camfrog, and Vumber applications in a divesture. *Id.* On information and belief, Paltalk acquired ManyCam from Visicom Media Inc. in 2022. *See, e.g.*, Ex. 7 (https://investors.paltalk.com/news/paltalk-inc-announces-acquisition-of-visicom-s-manycam-assets-6557070).

9. On information and belief, ManyCam is a live streaming software and virtual camera that allows users to deliver professional live videos on streaming platforms, video conferencing apps, and distance learning tools, with software that provides multiple camera feeds, backgrounds, and effects while also enabling users to share presentations, spreadsheets, and documents. *Id.*

10. On information and belief, Paltalk developed a version of ManyCam optimized for both consumer and enterprise applications in 2023. *See, e.g.*, Ex. 8 (https://www.sec.gov/Archives/edgar/data/1355839/000121390024089288/ea0217714-01.htm) at 2.

11. On information and belief, the new entity, IPM, plans to continue to develop, market, and sell ManyCam and even to expand its infringement of Cisco's Asserted Patents, including through its campaigns to integrate ManyCam into IPM products through upselling initiatives (Ex. 8 at 2) and to attain new customers and a greater geographic diversity through the acquisition of Newtek Technology Solutions, Inc. ("NTS") (Ex. 9 (https://investors.ipm.com/news/paltalk-inc-enters-into-an-agreement-to-acquire-newtek-technology-solutions-inc-from-newtekone-inc-7075895)).

## JURISDICTION AND VENUE

12. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13. This Court has personal jurisdiction over IPM. IPM is a Delaware corporation, conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this District and throughout the United States.

14. Venue is proper in this judicial district pursuant to at least 28 U.S.C. § 1391 (b) and (c) and 28 U.S.C. § 1400(b). IPM may be sued in this District because it is registered in this District, has a regular and established place of business in this District, and because it commits acts of direct and indirect infringement in this District by, amongst other things, importing, offering to sell, and selling products that infringe the Asserted Patents.

## ASSERTED PATENTS

15. Cisco, with its subsidiaries, is the current owner and assignee of over 20,000 patents and over 700 WebEx-related patents. Cisco's portfolio includes the '293 Patent and '708 Patent.

16. The '293 Patent, entitled "Video superposition for continuous presence," duly and legally issued on September 9, 2014. The '293 Patent is valid and enforceable. The '293 Patent is attached hereto as Exhibit 1.

17. The '708 Patent, entitled "Method, computer-readable storage medium, and apparatus for modifying the layout used by a video composing unit to generate a composite video signal," duly and legally issued on January 27, 2015. The '708 Patent is valid and enforceable. The '708 Patent is attached hereto as Exhibit 2.

18. Cisco exclusively owns all rights, title, and interest in the Asserted Patents, including the right to bring this action to recover past and future damages for IPM's infringement of the Asserted Patents.

19. IPM is not and has never been licensed to practice either of the Asserted Patents.

## IPM'S MANYCAM PRODUCT
## AND ITS KNOWLEDGE OF ASSERTED PATENTS

20. On information and belief, IPM makes, uses, sells, offers to sell, and/or imports infringing products and/or services into the United States, including, but not limited to, the ManyCam software and services and software or services that integrate ManyCam.

21. IPM advertises the Accused Products and Services on the ManyCam website including at https://manycam.com/.

22. On the ManyCam website, IPM boasts that its "easy-to-use virtual camera and live streaming software" can be a "video and audio source to connect to any software, app, platform or service[,]" including Skype, YouTube, Zoom, Facebook, and many more, including WebEx: [2]



---

[2] *See* https://manycam.com/.

23. ManyCam highlights its virtual background and picture-in-picture layers features, which include the abilities to "[c]reate any layout you need on your live window" and use "[l]ayout presets with split-screen options[,]" as depicted below:[3]





24. The ManyCam website demonstrates that the Accused Products and Services are being used in the United States. For a few, non-exhaustive examples, ManyCam has been sold and used in the United States in at least the following instances:

- A ManyCam testimonial describes its use in New York State Court;[4]

---

[3] *Id.*
[4] *Id.* (ManyCam website homepage at "Testimonials").

- ManyCam implies at least the following U.S. educational institutions use it: Virginia Tech, Berkeley, Boston University, University of Notre Dame, University of South Florida, Stanford University, and Michigan State University, all of which are listed on its website.[5]

25. On March 5, 2025, Cisco sent a letter to Mr. Katz and IPM, explaining that ManyCam infringes the Asserted Patents.

26. IPM has knowledge of the Asserted Patents at least as of March 5, 2025.

## COUNT 1

### (Infringement of U.S. Patent No. 8,830,293)

27. Cisco repeats and re-alleges all the allegations above as if fully set forth herein.

28. Claim 1 of the '293 Patent (entitled "Video superposition for continuous presence") recites:

1. A method comprising:
   a. receiving at least first and second real-time video streams, each of the first and second real-time video streams comprising video frames containing a picture comprising a subject image and a background image;
   b. combining the subject images of corresponding video frames of the first and second video streams into a combined frame of a combined video stream such that the subject image of the first video stream is positioned in an anterior portion of the combined frame and the subject image of the second video stream is positioned in a posterior portion of the combined frame, wherein the combining comprises:
      i. scaling the video frames of the first video stream and repositioning in a first direction the resulting pictures in the video frames of the first video stream to produce a first sequence of scaled video frames;
      ii. removing the background image in the first sequence of scaled video frames to produce first background separated video frames to be displayed in the anterior portion of the combined frames of the combined video stream; and
      iii. superimposing the first background separated video frames onto corresponding ones of the video frames of the second video stream to produce combined video frames of the combined video stream; and

---

[5] *See* https://manycam.com/education/.

  c. supplying the combined video stream to a video display for displaying the combined video stream.

29. IPM has infringed and continues to infringe, literally and under the doctrine of equivalents, one or more claims of the '293 Patent by making, using, offering to sell, selling, and/or importing into the United States infringing devices without authority in violation of 35 U.S.C. § 271(a).

30. As alleged herein in Exhibit 3, the Accused Products and Services products, including ManyCam, meet each and every one of the claim limitations of at least claim 1 of the '293 Patent.

31. IPM also indirectly infringes one or more claims of the '293 Patent, pursuant to 35 U.S.C. § 271(c), by contributing to or direct infringement committed by others, such as customers and end-users, in this District and elsewhere in the United States at least by making, using, offering to sell, importing, and/or selling at least the Accused Products and Services.

32. IPM has actively induced infringement of the '293 Patent without authority in violation of 35 U.S.C. § 271(b). IPM continues to induce infringement of the '293 Patent without authority in violation of 35 U.S.C. § 271(b). Specifically, IPM understands, intends, and encourages their products such as ManyCam, to be imported, offered for sale, sold or used in the United States, knowing they infringe at least one claim of the '293 Patent.

33. The Accused Products and Services are a material part of the invention of the '293 Patent, are not staple articles or commodity of commerce, have no substantial non-infringing use, and are known by IPM to be especially made or adapted for use in the infringement of the '293 patent.

34. IPM's infringement of the '293 Patent has been and continues to be willful.

35. IPM's infringement of the '293 Patent has damaged and continues to damage Cisco in an amount yet to be determined, of at least a reasonable royalty.

## COUNT 2

### (Infringement of U.S. Patent No. 8,941,708)

36. Cisco repeats and re-allege all the allegations above as if fully set forth herein.

37. Claim 1 of the '708 Patent (entitled "Method, computer-readable storage medium, and apparatus for modifying the layout used by a video composing unit to generate a composite video signal") recites:

> 1. A method comprising:
>    a. providing, on a display, an object configured to be moved by a user along an axis extending across video for a plurality of video conference streams;
>    b. associating a plurality of predefined layouts for plurality of video conference streams with respective intervals along the axis;
>    c. detecting a user action on the object indicating a position on the axis; and
>    d. composing, in response to the detecting of the user action, a composite video signal using a layout, of the plurality of predefined layouts, associated with an interval among the intervals within which the position is lying.

38. IPM has infringed and continues to infringe, literally and under the doctrine of equivalents, one or more claims of the '708 Patent by making, using, offering to sell, selling, and/or importing into the United States infringing devices without authority in violation of 35 U.S.C. § 271(a).

39. As alleged herein and in Exhibit 4, the Accused Products and Services products, including ManyCam, meet each and every one of the claim limitations of at least claim 1 of the '708 Patent.

40. IPM also indirectly infringes one or more claims of the '708 Patent, pursuant to 35 U.S.C. § 271(c), by contributing to or direct infringement committed by others, such as customers and end-users, in this District and elsewhere in the United States at least by making, using, offering to sell, importing, and/or selling at least the Accused Products and Services.

41. IPM has actively induced infringement of the '708 Patent without authority in violation of 35 U.S.C. § 271(b). IPM continues to induce infringement of the '708 Patent without authority in violation of 35 U.S.C. § 271(b). Specifically, IPM understands, intends, and encourages their products such as ManyCam, to be imported, offered for sale, sold or used in the United States, knowing they infringe at least one claim of the '708 Patent.

42. The Accused Products and Services are a material part of the invention of the '708 Patent, are not staple articles or commodity of commerce, have no substantial non-infringing use, and are known by IPM to be especially made or adapted for use in the infringement of the '708 patent.

43. IPM's infringement of the '708 Patent has been and continues to be willful.

44. IPM's infringement of the '708 Patent has damaged and continues to damage Cisco in an amount yet to be determined, of at least a reasonable royalty.

## DAMAGES

45. As a result of IPM's acts of infringement, Cisco has suffered and continues to suffer actual and consequential damages. However, Cisco does not yet know the full extent of the infringement and the amount of damages cannot be ascertained except through discovery and special accounting. To the fullest extent permitted by law, Cisco seeks recovery of damages at least for reasonable royalties, lost profits, unjust enrichment, and benefits received by IPM as a result of using the patented technology. Cisco further seeks any other damages to which Cisco is entitled under law or in equity, including enhanced damages for IPM's willful infringement.

46. To remedy any ongoing and/or future harm to Cisco caused by IPM's infringement, Cisco seeks a preliminary and permanent injunction preventing any further infringement.

## PRAYER FOR RELIEF

Cisco prays for the following relief:

A. A judgment that IPM has infringed one or more claims of each of the Asserted Patents;

B. A preliminary and permanent injunction enjoining IPM and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with IPM, from infringing the Asserted Patents;

C. An award of damages resulting from IPM's acts of infringement in accordance with 35 U.S.C. § 284;

D. A judgment and order finding that IPM's acts of infringement were egregious and willful and trebling damages under 35 U.S.C. § 284;

E. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Cisco its reasonable attorneys' fees against IPM.

F. A judgment and order requiring IPM to provide accountings and to pay supplemental damages to Cisco, including, without limitation, prejudgment and post-judgment interest; and

G. Any and all other relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Cisco hereby demands a trial by jury of all issues so triable.

|  |  |
|---|---|
| OF COUNSEL: | /s/ Kelly E. Farnan<br>Kelly E. Farnan (#4395)<br>Sara M. Metzler (#6509)<br>Richards, Layton & Finger, P.A. |
| Sarah E. Piepmeier<br>Perkins Coie LLP<br>505 Howard Street, Suite 1000<br>San Francisco, CA 94105-3204<br>415.344.7000<br>SPiepmeier@perkinscoie.com | One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>farnan@rlf.com<br>metzler@rlf.com |
| Ryan B. Hawkins<br>Abigail A. Gardner<br>Perkins Coie LLP<br>11452 El Camino Real, Suite 300<br>San Diego, CA 92130<br>858.720.5700<br>RHawkins@perkinscoie.com<br>AGardner@perkinscoie.com | *Attorney for Plaintiffs Cisco Systems, Inc. and Cisco Technology, Inc.* |

James Miller
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
206.359.8584
jmiller@perkinscoie.com

Dated:  March 7, 2025