IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CISCO SYSTEMS, INC., and CISCO TECHNOLOGY, INC.<br><br>   Plaintiffs,<br><br>v.<br><br>INTELLIGENT PROTECTION MANAGEMENT CORP.,<br><br>   Defendant. | Civil Action No. 25-cv-271-MN<br><br>JURY TRIAL DEMANDED |

### INTELLIGENT PROTECTION MANAGEMENT CORPORATION'S ANSWER

Defendant Intelligent Protection Management Corp. ("IPM") answers Plaintiffs Cisco Systems, Inc., and Cisco Technology, Inc. (collectively, "Cisco")'s Complaint as follows. To the extent any allegation contained in the Complaint is not specifically admitted, it is expressly denied. IPM denies that Cisco is entitled to the relief requested or to any other relief.

### ANSWER

### THE PARTIES

1. IPM admits that Cisco's System's principal place of business is located at 170 W. Tasman Dr., San Jose CA 95134. IPM lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in Paragraph 1 of the Complaint and thus denies them.

2. IPM lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 2 of the Complaint and thus denies them.

3. Admitted.

### BACKGROUND OF THE PARTIES

4. IPM lacks knowledge or information sufficient to form a belief as to the allegations

in Paragraph 4 of the Complaint and thus denies them.

5. IPM lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 5 of the Complaint and thus denies them.

6. IPM admits that on January 2, 2025, Paltalk, Inc. acquired Newtek Technology Solutions, Inc. from NewtekOne, Inc. IPM further admits that as of January 6, 2025, Paltalk Inc. has operated under the name Intelligent Protection Management Corp. Otherwise, denied.

7. IPM admits that Paltalk, Inc. was founded in 1998 and later released the Paltalk chat application. IPM further admits that the Paltalk chat application allows users to have free video, voice, or text group chats on any device. IPM further admits that Paltalk, Inc. acquired assets from HearMe, Inc. and also acquired the Camfrog, Tinychat, Vumber, and ManyCam applications. Otherwise, denied.

8. IPM admits that in connection with Paltalk, Inc.'s acquisition of Newtek Technology Solutions, Inc., Paltalk, Inc. sold its Paltalk, Camfrog, and Vumber applications. IPM further admits that Paltalk, Inc. acquired the core assets of ManyCam in June 2022. Otherwise, denied.

9. IPM admits that ManyCam is a virtual camera and live streaming software that helps users deliver professional live videos on streaming platforms, video conferencing apps, and remote learning tools. Otherwise, denied.

10. Admitted.

11. IPM admits that it owns the core assets of ManyCam. Otherwise, denied.

**JURISDICTION AND VENUE**

12. IPM admits that Cisco purports to assert a claim arising under the patent laws of the United States, 35 U.S.C. §§ 1 et seq. and that Cisco asserts that subject matter jurisdiction is

proper under 28 U.S.C. §§ 1331 and 1338(a). Otherwise, denied.

13. IPM admits that it is a Delaware corporation. IPM further admits that for purposes of this action only that the Court has personal jurisdiction over IPM. Otherwise, denied.

14. IPM admits that it is a Delaware corporation, and that venue is proper under 28 U.S.C. § 1391(b)(1). Otherwise, denied.

## ASSERTED PATENTS

15. IPM lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 15 of the Complaint and thus denies them.

16. IPM admits that Exhibit 1 of the Complaint purports to be a copy of U.S. Patent No. 8,830,293 ("'293 Patent") and bears the title "Video Superposition for Continuous Presence." IPM lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in Paragraph 16 of the Complaint and thus denies them.

17. IPM admits that Exhibit 2 of the Complaint purports to be a copy of U.S. Patent No. 8,941,708 ("'708 Patent") and bears the title "Method, Computer-readable Storage Medium, and Apparatus for Modifying the Layout Used By a Video Composing Unit to Generate a Composite Video Signal." IPM lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in Paragraph 17 of the Complaint and thus denies them.

18. IPM lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 18 of the Complaint and thus denies them.

19. Admitted.

## IPM'S MANYCAM PRODUCT AND ITS KNOWLEDGE OF ASSERTED PATENTS

20. Denied.

21. Denied.

22. IPM admits that ManyCam is an easy-to-use virtual camera and live streaming software. IPM further admits that users can choose ManyCam as their video and audio source to connect to any software, app, platform, or service. Otherwise, denied.

23. IPM admits that ManyCam offers virtual backgrounds and picture-in-picture layers features. IPM further admits that the picture-in-picture layers feature allows users to create layouts on live windows and use layout presets with split-screen options. Otherwise, denied.

24. IPM admits that ManyCam has been sold in the United States. Otherwise, denied.

25. IPM admits that Mr. Jason Katz received a letter from Cisco on or about March 5, 2025. Otherwise, denied.

26. IPM lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 26 of the Complaint and thus denies them.

## COUNT 1
### (Infringement of U.S. Patent No. 8,830,293)

27. Denied.

28. IPM admits that the document speaks for itself.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## COUNT 2
### (Infringement of U.S. Patent No. 8,941,708)

36. Denied.

37. IPM admits that the document speaks for itself.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## DAMAGES

45. IPM denies that it has committed any act of infringement. IPM further denies that Cisco is entitled to damages.

46. IPM denies that it has committed any act of infringement. IPM further denies that Cisco is entitled to either a preliminary or a permanent injunction.

## RESPONSE TO CISCO'S PRAYER FOR RELIEF

IPM denies any factual assertions contained in Cisco's Prayer for Relief, and further denies that Cisco is entitled to any relief, including but not limited to that requested in Paragraphs (A) – (G) of the Complaint's Prayer for Relief. IPM denies any express or implied allegation within this paragraph that it has infringed, or is now infringing, any patent, and deny that Cisco is entitled to damages, enhanced damages, attorney's fees, or any other relief. IPM further denies that this is an exceptional case under 35 U.S.C. § 285.

**RESPONSE TO CISCO'S JURY TRIAL DEMAND**

IPM admits that Cisco demands a trial by jury of any and all issues triable of right before a jury. IPM denies that Cisco is entitled to a trial by jury except as provided by law.

**IPM'S AFFIRMATIVE DEFENSES**

Subject to the responses above, IPM alleges and asserts the following defenses in response to the allegations. In addition to the affirmative defenses described below and subject to its responses above, IPM specifically reserves all rights to allege additional affirmative defense that become known through the course of discovery or otherwise.

**FIRST DEFENSE**
**(Non-Infringement of U.S. Patent No. 8,830,293)**

IPM has not infringed and does not infringe any valid and enforceable claim of the '293 Patent, either directly, indirectly, contributorily, by inducement, jointly, or in any other manner.

**SECOND DEFENSE**
**(Non-Infringement of U.S. Patent No. 8,941,708)**

IPM has not infringed and does not infringe any valid and enforceable claim of the '708 Patent, either directly, indirectly, contributorily, by inducement, jointly, or in any other manner.

**THIRD DEFENSE**
**(No Induced Infringement of U.S. Patent No. 8,830,293)**

IPM has never possessed and does not possess, any specific intent to induce infringement of the '293 Patent.

**FOURTH DEFENSE**
**(No Induced Infringement of U.S. Patent No. 8,941,708)**

IPM has never possessed and does not possess, any specific intent to induce infringement of the '708 Patent.

## FIFTH DEFENSE
### (No Willful Infringement of U.S. Patent No. 8,830,293)

IPM has not and does not willfully infringe the '293 Patent.

## SIXTH DEFENSE
### (No Willful Infringement of U.S. Patent No. 8,941,708)

IPM has not and does not willfully infringe the '708 Patent.

## SEVENTH DEFENSE
### (Invalidity of U.S. Patent No. 8,830,293)

The claims of the '293 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101 et seq., e.g., 102, 103, and/or 112, and/or for otherwise being in violation of the sections of Parts I, II, and III of Title 35 of the United States Code.

## EIGHTH DEFENSE
### (Invalidity of U.S. Patent No. 8,941,708)

The claims of the '708 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101 et seq., e.g., 102, 103, and/or 112, and/or for otherwise being in violation of the sections of Parts I, II, and III of Title 35 of the United States Code.

## NINTH DEFENSE
### (Limitations on Damages and Costs)

Cisco's claims for damages for alleged infringement are limited by 35 U.S.C. §§ 286 and/or 287, including but not limited to because Cisco failed to provide adequate notice to IPM of alleged infringement and is thus barred under 35 U.S.C. § 287 from recovering damages on one or more prior claims to the date of the filing of this action. Cisco is further barred by 35 U.S.C. § 288 from recovering any costs associated with this action. In addition, Cisco is precluded from

recovering damages for any alleged infringement occurring more than six years prior to the filing of this action pursuant to 35 U.S.C. § 286.

### TENTH DEFENSE
### (Equitable Defenses)

Cisco's claims are barred in whole or in part under principles of equity, including but not limited to prosecution laches, delay, waiver, implied waiver, acquiescence, estoppel, and/or unclean hands.

### ELEVENTH DEFENSE
### (Failure to State a Claim)

Cisco has failed to state a claim upon which relief can be granted.

### ADDITIONAL DEFENSES RESERVED

IPM reserves all other defenses, including but not limited to those available under Rule 8 of the Federal Rules of Civil Procedure or the patent laws of the United States, and any other defenses at law or in equity that may exist now or that may be available at any time in the future based on further discovery or factual investigation, any changes in the law, or any other reason permitted by law.

### JURY TRIAL DEMAND

IPM demands a jury trial on all issues so triable.

WHEREFORE, IPM respectfully requests that the Court enter judgment in its favor, award it costs, fees, and expenses, and grant such further relief the Court deems just and proper.

| | |
|---|---|
| Dated: May 15, 2025 | Respectfully submitted,<br><br>FARNAN LLP<br><br>*/s/ Brian E. Farnan*<br>Brian E. Farnan (Bar No. 4089)<br>Michael J. Farnan (Bar No. 5165)<br>919 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 777-0300<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com<br>*Attorneys for Defendant* |

OF COUNSEL:

Max L. Tribble, Jr. (*pro hac vice forthcoming*)
Ryan Caughey (*pro hac vice forthcoming*)
Amber Magee (*pro hac vice forthcoming*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666
rcaughey@susmangodfrey.com
amagee@susmangodfrey.com
mtribble@susmangodfrey.com

Kalpana Srinivasan *(pro hac vice forthcoming)*
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, 14th Floor
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Fax: (310) 789-3150
ksrinivasan@susmangodfrey.com